IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK DAVID ARCHER, # 150999, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:17cv52-MHT |
| ) | (WO) |
| DEWAYNE ESTES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Mark David Archer ("Archer"), an Alabama inmate incarcerated at the St. Clair Correctional Facility. (Doc. No. 1.) Archer challenges his convictions for three counts of first-degree robbery, two counts of theft of property, and a single count of unlawful possession of a firearm, as well as his resulting sentence of life without parole under Alabama's habitual felony offender statute, imposed by the Morgan County Circuit Court in March 1990.

**DISCUSSION**

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, petitions for writ of habeas corpus brought under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

Archer was convicted and sentenced in Morgan County, Alabama, and he is incarcerated at the St. Clair Correctional Facility in Springville, Alabama, which is in St. Clair County, Alabama.  Morgan County and St. Clair County both are within the federal judicial district of the United States District Court for the Northern District of Alabama.  Consequently, this court does not have jurisdiction to entertain Archer's § 2254 petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed.  Because Archer is proceeding *pro se* and seeks habeas corpus relief, the court believes it would be in the interest of justice to transfer this case to the United States District Court for the Northern District of Alabama under § 1631.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 16, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the

---

[1] Decisions on Archer's application for *in forma pauperis* status (Doc. No. 2) and motion to appoint counsel (Doc. No. 3) are reserved for ruling by the United States District Court for the Northern District of Alabama.

Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, on this the 2nd day of February, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge